IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FAUSTO GABRIEL FABRE
1422 Valley Stream Drive
Rockville, MD 20851

    Plaintiff,

v.

NEIGHBORS' CONSEJO
3118 16th Street NW
Washington, DC 20010

    Defendant.

Civil Action No. _____

## COMPLAINT

### Introduction

1. Plaintiff worked approximately 45 hours per week for defendant from approximately May 2010 until December 27, 2013. Defendant did not pay plaintiff anything for his work from July 20, 2013 to December 20, 2013. Defendant has since repeatedly promised in writing to pay plaintiff.

2. Plaintiff brings this action to recover damages for defendant's willful failure to pay him his wages, including minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.* Plaintiff also asserts a claim for breach of contract.

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the defendant resides in this district, and a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff is an adult resident of Maryland.

6. Defendant Neighbors' Consejo is a District of Columbia corporation with its principal place of business at: 3118 16th Street NW, Washington, DC 20010. Neighbors' Consejo also does business as "Neighbors Consejo" (without the apostrophe). Neighbors' Consejo's resident agent for service of process is: Business Filings Incorporated, 1015 15th Street NW, #1000, Washington, DC 20005.

**Factual Allegations**

7. Defendant is a nonprofit corporation that primarily provides assistance to people who have mental health or substance abuse problems.

8. Plaintiff was employed by defendant from approximately May 2010 until December 26, 2013. Plaintiff had several roles during this time; he was most recently titled "Director of Social Services."

9. Defendant's former executive Director, Milton C. Sanchez, promised plaintiff a salary of $29.00 per hour for plaintiff's work as "Director of Social Services."

10.     Plaintiff was Director of Social Services for defendant from at least July 20, 2013 through December 26, 2013. The remainder of the allegations focus on this time period, and it is this time period to which the allegations refer when the statement "at all relevant times" is used.

11.     At all relevant times, plaintiff worked approximately 45 hours per workweek, or approximately 9 hours a day, 5 days a week.

12.     For plaintiff's work between July 20, 2013 and December 20, 2013, defendant did not pay plaintiff anything.

13.     At all relevant times, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

14.     At all relevant times, federal and D.C. law required defendant to pay plaintiff at least one and one half times the minimum wage ($10.88 per hour and 12.38 per hour, respectively) for all hours worked over 40 in any one workweek.

15.     At all relevant times, federal and D.C. law required defendant to pay plaintiff one and one half times his regular rate of $29.00 per hour (or $1.5 \times \$29.00 = \$43.50$ per hour) for all hours worked over 40 in any one workweek.

16.     For plaintiff's work from approximately July 20, 2013 through approximately December 20, 2013, defendant owes him approximately **$30,305.00** in minimum, overtime, and/or promised wages.

17.     On December 26, 2013, defendant's former executive director, Milton C. Sanchez, promised to pay plaintiff at least $25,981.94 in gross wages.

18.     On December 26, 2013, Mr. Sanchez authored and signed a letter that he delivered to plaintiff, the body of which reads:

> This letter is to confirm the checks owed to you for your time worked at Neighbors' Consejo which are reflected on the attachment.
> Neighbors' consejo is expecting to pay the salary owed as soon as possible. Due to the organization's financial challenges, I want to thank you for your patience for the late payments you experience during your time working in Neighbors' Consejo.
> Thank you for your cooperation and hard work for the mission of Neighbors' Consejo. If you have any questions, feel free to contact me.

19. Attached to this letter was a spreadsheet detailing approximately $17,643.28 in unpaid net pay (gross wages less tax withholdings). This amount corresponded to roughly $25,981.94 in gross wages.

20. In August 2014, plaintiff retained undersigned counsel, who wrote a demand letter to defendant's then-current Executive Director, Dr. Jesus Felizzola.

21. Dr. Felizzola eventually promised to pay plaintiff an amount corresponding to $20,000 in net wages over a period of 10 months (this would correspond to roughly $29,706.65 in gross pay at the appropriate withholding levels).

22. Dr. Felizzola signed a letter in which he agreed to pay this amount in 10 monthly installments, beginning on September 10, 2014.

23. Plaintiff has yet to receive any pay from defendant for his work from July 20, 2013 through December 26, 2013.

24. At all relevant times, defendant had more than two employees, and the annual gross volume of defendant's business exceeded $500,000.00.

25. At all relevant times, defendant had the power to hire and fire plaintiff, control plaintiff's work schedule, and set plaintiff's rate of pay.

26. At all relevant times, defendant did not maintain true and accurate records of each hour, day, and week worked by plaintiff, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

Accordingly, the exact amount of hours worked by and wages owed to plaintiff will only be known through discovery.

27.     At all relevant times, defendant was aware that it was legally required to pay the minimum wage.

28.     At all relevant times, defendant was aware that it was legally required to pay plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

29.     At all relevant times, defendant was aware that it was legally required to timely pay plaintiff all wages that plaintiff was legally due.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

30.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

31.     The FLSA requires that employers pay employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

32.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

33.     The FLSA requires employers to pay employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

34.     Defendant violated the FLSA by knowingly failing to pay the required minimum wage to plaintiff.

35.     Defendant violated the FLSA by knowingly failing to pay plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work week.

36.     Defendant's violations of the FLSA were willful.

37.     For its violations of the FLSA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

38.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

39.     The DCMWA requires that employers pay employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

40.     The DCMWA requires employers to pay employees one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

41.     Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to plaintiff.

42.     Defendant violated the DCMWA by knowingly failing to pay plaintiff one and one half times the required minimum wage for hours worked in excess of 40 hours in any one work week.

43.     Defendant's violations of the DCMWA were willful.

44.     For its violations of the DCMWA, defendant is liable to plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

45.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

46. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

47. For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

48. Defendant violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including minimum and overtime wages.

49. As of the date of this filing, it has been almost 11 months since plaintiff resigned.

50. Defendant's violations of the DCWPCL were willful.

51. For its violations of the DCWPCL, defendant is liable to plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## BREACH OF CONTRACT

52. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

53. Defendant's last two executive directors promised in writing to pay plaintiff's back wages.

54. Defendant's executive directors had the actual and/or apparent authority to bind the defendant.

55. Defendant's most recent executive director, Dr. Jesus Felizzola, contracted in writing to pay plaintiff an amount corresponding to $29,706.65 in gross pay, in ten monthly installments to begin on September 10, 2014.

56.     As consideration for defendant's promises to pay, plaintiff agreed not to pursue litigation against the defendant.

57.     Defendant still has not paid plaintiff anything for his work from July 20, 2013 through December 20, 2013.

58.     Defendant has breached its contract to pay plaintiff his unpaid wages.

59.     For its breach of contract, defendant is liable to plaintiff for $29,706.65 — the amount defendant promised to pay plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against the defendant on all counts, and grant the following relief:

   a.     Award plaintiff **$121,220.00**, consisting of the following overlapping elements:

      i.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.    unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.   unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308; and

      iv.    breach of the contract to pay plaintiff's unpaid wages;

   b.     Award plaintiff prejudgment and postjudgment interest as permitted by law;

   c.     Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

   d.     Award plaintiff court costs; and

  e. Award any additional relief the Court deems just.

Date: 11/10/2014        Respectfully submitted,

                <u>/s/ Justin Zelikovitz, Esq.</u>
                Justin Zelikovitz, #986001
                LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                519 H Street, NW; Second Floor
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*